ENOCH HOLLIS vs. JONATHAN MORRIS.

*A sale of a crop of corn growing, though within the statute of frauds, not being re-*
*duced to writing, may be taken out by a part execution, as the taking of the corn*
*by the vendee and converting it into money.*
*And though in such case the count for goods sold and delivered would be bad, the*
*plaintiff may recover as for money had and received to his use.*

ASSUMPSIT for goods sold and delivered; and the money counts.
Pleas, non-assumpsit, payment, discount and the act of limitations.
The entry on the plaintiff's day book charged the defendant with
" one horse loaned and not returned,
one gig " ditto
A crop of corn growing on the ground $200 :"—

It was objected by *Cullen* and *Frame* for the defendant, 1st. That
the proof of a bailment of the horse and gig did not support the ac-
tion; and, 2d. That the sale of the crop of corn standing on the
ground and growing, was a sale of an interest in the land, and being
within the statute of frauds must be evidenced by writing. 6 *East
Rep.* 102, *Crosby* vs. *Wadsworth;* 11 *East Rep.* 362, *Parker* vs. *Sta-
niland;* 2 *Taunt.* 38, *Emerson* vs. *Hillis.* And 3d. That if recover-
able in assumpsit, the plaintiff must count on a special contract for
a crop of corn bargained and sold, and not for goods sold and de-
livered. 1 *Chitty Plead.* 339; 5 *Esp. Rep.* 176; 13 *East Rep.* 249.

*The Court* said that many of the authorities as to the second point
distinguish between contracts executed and executory, and regard
a contract executed on one side as out of the statute. The later
cases seem to conflict with the earlier. We shall charge the jury
that if this contract has been executed by the receipt of the corn by
defendant, the plaintiff may recover. And though the declaration
should be for a crop of corn bargained and sold, if the proof establish
that the defendant took the corn, sold it and received the proceeds,
the plaintiff may recover on the count for money had and received

to his use; for, even without any contract, and if the defendant took it as a trespasser, the plaintiff might waive the trespass and recover in this form of action. On the first point there has been some proof of an actual sale of the horse and gig, which we shall leave to the jury.

The plaintiff then proved a sale of the corn to defendant for $195: and that he had gathered and sold it, and received the proceeds. The horse was worth $60:—value of the gig not proved.

Verdict for plaintiff $138 25.

*Layton* for plaintiff.
*Cullen* and *Frame* for defendant.